NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: LARRY GOLDEN, dba ATPG Technology, LLC,**
*Petitioner*

2019-100

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:13-cv-00307-EGB, Senior Judge Eric G. Bruggink.

**ON PETITION**

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Larry Golden petitions for a writ of mandamus.

Mr. Golden has sued the United States in the United States Court of Federal Claims. His operative Fifth Amended Complaint seeks damages under 28 U.S.C. § 1498(a) for the infringement of 72 claims across nine different patents and a patent application, and damages under the Fifth Amendment's Takings Clause by "taking" the nine patents.

On March 31, 2014, the Claims Court issued an order staying Mr. Golden's takings claims and directing the parties to "proceed with Plaintiff's claims only as they relate to the alleged patent infringement by the United States." In March 2018, the Claims Court denied Mr. Golden's motion for summary judgment and granted the government's request to dismiss certain of Mr. Golden's patent infringement allegations.

Mr. Golden filed a notice of appeal from that decision. On August 1, 2018, after issuing a show cause order and considering responses from both parties, this court dismissed the appeal as premature, noting that the Claims Court had not issued a final decision or judgment reviewable by this court pursuant to 28 U.S.C. § 1295(a)(3).

The case was subsequently reassigned to a different Claims Court judge who, on September 18, 2018, directed the parties to file, on or before October 5, 2018, "separate status reports identifying which patent claims remain" and "proposing a schedule for further proceedings in this matter." On October 1, 2018, Mr. Golden filed this petition asking the court to either adjudicate his takings claims or to direct the Claims Court to decide them.

Mandamus is an extraordinary remedy, available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). Mr. Golden has not met this demanding standard for relief.

First, Mr. Golden has not clearly and indisputably shown that the Claims Court erred in staying his takings claims. The Claims Court concluded that those takings claims appeared to be duplicative of his claims under § 1498(a). Adjudication of the takings claims could therefore await adjudication of the § 1498(a) claims. That

determination has not been shown to be clearly contrary to the law or the record here.

Second, Mr. Golden has not shown that any delay here on the part of the Claims Court in adjudicating Mr. Golden's claims is so egregious as to warrant mandamus relief. The Claims Court has adjudicated a number of the claims asserted by Mr. Golden and has recently sought input from the parties as to what remains and how the case should proceed. We expect that all claims in the case will now be addressed. Moreover, any delay in reaching a final decision in this case is in no small way attributable to Mr. Golden's own strategy of adding claims every time he believes the government has prolonged this case.

Finally, Mr. Golden has not shown entitlement to mandamus relief concerning the Claims Court's rejection of his motion to supplement his complaint, denial of his motion for summary judgment, and determinations concluding his claims, because he has not shown that an appeal after a final judgment in the case is not an adequate alternative means to obtain the relief he seeks.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Nov. 5, 2018
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32